PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__Roanoke Division__     __Western District__
United States District Court     District

__Maurice Patrick Fortune III__
Name (under which you were convicted):

Docket or Case No:

__Green Rock Correctional Center__
Place of Confinement:

__1437726__
Prisoner No.:

7:16cv00178

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

__Maurice P. Fortune III__
Name (under which you were convicted)
Petitioner

v.

__Mark Herring__
(authorized person having custody of petitioner)
Respondent

The Attorney General of the State of __Virginia__

## PETITION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: __Richmond Circuit Court__

   (b) Criminal docket or case number (if you know): __CR09F04820-00__

2. (a) Date of judgment of conviction (if you know): __December 2, 2010__

   (b) Date of sentencing: __April 11, 2011__

3. Length of sentence: __30 years__

4. In this case, were you convicted on more than one count or of more than one crime? Yes [ ] No [✓]

5. Identify all crimes of which you were convicted and sentenced in this case:
   __Aggravated Malicious Wounding__

6. (a) What was your plea? (Check one)
   (1) Not guilty [✓]   (3) Nolo contendere (no contest) [✓]
   (2) Guilty [ ]       (4) Insanity plea [✓]

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead not guilty to? __N/A__

   (c) If you went to trial, what kind of trial did you have? (Check one)
   Jury [ ]   Judge only [✓]

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   Yes [ ]   No [✓]

8. Did you appeal from the judgment of conviction?
   Yes [✓]   No [ ]

9. If you did appeal, answer the following:

   (a) Name of court: __Court of Appeals__

   (b) Docket or case number (if you know): __0949-11-2__

   (c) Result: __Affirmed__

   (d) Date of result (if you know): ____

   (e) Citation to the case (if you know): ____

   (f) Grounds raised: __Unproportional Sentencing__

   (g) Did you seek further review by a higher state court? Yes [✓] No [ ]

   If yes, answer the following:

   (1) Name of court: __Supreme Court of Virginia__

   (2) Docket or case number (if you know): __112307__

   (3) Result: __Affirmed__

   (4) Date of result (if you know): __June 15, 2012__

(5) Citation to the case (if you know): _____

(6) Grounds raised: Unproportional Sentencing
_____
_____

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes [✓] No [ ]

If yes, answer the following:

(1) Docket or case number (if you know): 14 - 6436

(2) Result: Dismissed by unpublished PER CURIAM opinion
_____

(3) Date of result (if you know): June 30, 2014

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? Yes [✓] No [ ]

11. If your answer to Question 10 was "Yes," give the following information:

(a)(1) Name of court: U.S. District Court, Western District, Abingdon Division

(2) Docket or case number (if you know): 113-CV-841

(3) Date of filing (if you know): December 13, 2013

(4) Nature of proceeding: Habeas Corpus

(5) Grounds raised: DNA, Unproportional Sentence, Evidence, and Plea
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [✓]

(7) Result: Dismissed

(8) Date of result (if you know): N/A

(b) If you filed any second petition, application or motion give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [✓]

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [✓]

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:    Yes [✓] No [ ]
   (2) Second petition:  Yes [ ] No [✓]
   (3) Third petition:   Yes [ ] No [✓]

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: attorney

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:
DNA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): inconsistant with victum's wounds and lack there that of

(b) If you did not exhaust your state remedies on Ground One, explain why: petitioned upon my behave

(c) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [✓]
   (2) If you did not raise this issue in your direct appeal, explain why:

_____petitioned upon my behave_____

(d) Post-Conviction Proceedings:

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [✓] No [ ]

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: Habeas Corpus - Writ of Actual Innocence (Biological)

  Name and location of the court where the motion or petition was filed: U.S. District Court, Western District, Abingdon Division - Supreme Court of Virginia

  Docket or case number (if you know): 1:13-CV-842 ; 140278

  Date of the court's decision: Affirmed

  Result (attach a copy of the court's opinion or order, if available): N/A

  (3) Did you receive a hearing on your motion or petition? Yes [ ] No [✓]

  (4) Did you appeal from the denial of your motion or petition? Yes [✓] No [ ]

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [✓] No [ ]

  (6) If your answer to Question (d)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: Supreme Court of Virginia

  Docket or case number (if you know): 14-6436

  Date of the court's decision: Affirmed

  Result (attach a copy of the court's opinion or order, if available): N/A

  (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Executive Clemency

GROUND TWO: Due Process

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Lack of Grand Jury procedure, Plea acceptance form procedure, and Judicial Review requirements plus overcite of RES JUDICATA

(b) If you did not exhaust your state remedies on Ground Two, explain why: petitioned upon my behave

(c) Direct Appeal of Ground Two:

  (1) If you appealed from the judgment of conviction, did you raise this issue? Yes [✗] No [✓]

  (2) If you did not raise this issue in your direct appeal, explain why: petitioned upon my behave

(d) Post-Conviction Proceedings:

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [✓]

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: N/A

  Name and location of the court where the motion or petition was filed: N/A

  Docket or case number (if you know): N/A

  Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? Yes [ ] No [✓]

(4) Did you appeal from the denial of your motion or petition?
Yes [✓] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [✓]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: U.S. Supreme Court

Docket or case number (if you know): June 30, 2014

Date of the court's decision: Dismissed

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: lack of constitutional right to access legal material

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

GROUND THREE:
Evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): There is no convicting evidence!

(b) If you did not exhaust your state remedies on Ground Three, explain why: petitioned upon my behave

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [✓]

(2) If you did not raise this issue in your direct appeal, explain why: petitioned upon my behave

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [✓] No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus

Name and location of the court where the motion or petition was filed: U.S. District Court, Western District, Abingdon Division

Docket or case number (if you know): 113-CV-841

Date of the court's decision: Affirmed

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? Yes [ ] No [✓]

(4) Did you appeal from the denial of your motion or petition? Yes [✓] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [✓] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: U.S. Supreme Court

Docket or case number (if you know): 14-6436

Date of the court's decision: June 30, 2014

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Executive Clemency

GROUND FOUR: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Eye Witness recanting testimony in General District yet sent to Circuit (impeached), Plea assignment during competency exams, Verdict arguments upon evidence, Judicial review arguments, Post-relief requirements upon defence file provisions, Trial arguments

(b) If you did not exhaust your state remedies on Ground Three, explain why: petitioned upon my behalve

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [✓]

(2) If you did not raise this issue in your direct appeal, explain why: petitioned upon my behalve

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition

for habeas corpus in a state trial court? Yes [ ] No [✓]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? Yes [ ] No [✓]

(4) Did you appeal from the denial of your motion or petition?
Yes [ ] No [✓]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue
in the appeal? Yes [ ] No [✓]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain
why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus,
administrative remedies, etc.) that you have used to exhaust your state
remedies on Ground Four: Executive Clemency

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?
   Yes [ ] No [✓]

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Ineffective Assistance of Counsel - Due Process; inconsistant constitutional right to legal material

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Due Process - legal access; Ineffective assistance of counsil - lack of conduct requirement

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes [✓] No [ ]

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. U.S. Supreme Court; Writ of Certiorari; Jurisdiction, DNA, Due Process, Sentencing, Evidence

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes [✓] No [ ]

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Virginia - Governor's Office - Executive Clemency; DNA, Behavior, Custody assignment

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Sara Gabonik  701 E. Franklin St., Suite 600 Richmond, VA 23219

(b) At arraignment and plea: Sara Gaborik 701 E. Franklin St., Ste. 600 Richmond, VA 23219

(c) At trial: Sara Gaborik 701 E. Franklin St., Ste. 600 Richmond, VA 23219

(d) At sentencing: Sara Gaborik 701 E. Franklin St., Ste. 600 Richmond, VA 23219

(e) On appeal: Catherine Rusz 3352 Old Courthouse Rd., Apt. F Richmond, VA 25236-1469

(f) In any post-conviction proceeding: Stephanie Cangin

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [✓]

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: Chesterfield Circuit Court

    (b) Give the date the other sentence was imposed: July 27, 2011

    (c) Give the length of the other sentence: 6 months

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes [ ] No [✓]

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. $ 2244(d) does not bar your petition.* Constitutional requirements conflicted with Due Process of procedure by access to legal material

Therefore, petitioner asks that the Court grant the following relief: New Trial - Release from incarceration

or any other relief to which petitioner may be entitled.

---
Signature of Attorney (if any)
---

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __4/9/16__ (month, date, year).

Executed (signed) on __4/9/16__ (date).

*M. Patrick Fortune*
---
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____
_____
_____

---

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. $ 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.